IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DIAELDIN OSMAN, | ) | |
| | ) | |
| PLAINTIFF, | ) | Civil Action Number: |
| | ) | |
| v. | ) | 2:21-cv-525-RAH-JTA |
| | ) | |
| ALABAMA STATE UNIVERSITY | ) | "Opposed" |
| BOARD OF TRUSTEES, | ) | |
| | ) | |
| DEFENDANT. | ) | |

**PLAINTIFF'S OBJECTIONS IN OPPOSITION
TO DEFENDANTS' BILL OF COSTS**

COMES NOW the Plaintiff and files the following OBJECTIONS in opposition to Defendants' Bill of Costs (Doc. 73):

1. There is no mandate requiring taxation of costs against the plaintiff. Relying on the express language in Fed. R. Civ. P. 54, the United States Supreme Court has held taxation of costs against the non-prevailing party is in the discretion of the district court and a district court may refuse to tax costs against an unsuccessful plaintiff. *Farmer v. Arabian American Oil Co.*, 379 U.S. 227 (1964).

2. Where a district court does tax costs against a non-prevailing party, the rules do not provide "unrestrained discretion" and any such costs are limited to those outlined in 28 U.S.C. § 1920.

1

3. The party seeking an award of costs or expenses bears the burden of submitting a request that enables a court to determine what costs or expenses were incurred by the party and the party's entitlement to an award of those costs or expenses. *Loranger v. Stierheim, et al.*, 10 F.3d 776, 784 (11th Cir. 1994). Failing to provide "sufficient detail or supporting documentation" for taxing costs can lead to a denial of them. *See Blitz Telecom Consulting, LLC v. Peerless Network, Inc.*, No. 6:14-cv-307-GJK, 2016 WL 7325544, at *2 (M.D. Fla. Aug. 31, 2016). *Schalamar Creek Mobile Homeowner's Ass'n v. Adler*, 2021 U.S. Dist. LEXIS 234012, *24

4. Defendant's copy charges are not recoverable because Defendant has not provided enough detail for a determination of whether the charges were necessary or for the benefit of counsel. Defendant bears the burden of proving the copy charges "were necessary" and were "provided either to the court or the opposing party." *Richardson v. Oswalt*, 2019 WL 6117608, at *4 (N.D. Ala. Nov. 18, 2019). Defendant claims $653.50 in copy costs at a rate of $0.25 per page and $392.10 in scanning costs for the same number of pages at a rate of $0.15 per page without any description of the documents printed/scanned or the use of the documents from their internal printin/scanning. Defendant has not established any of these copies were transmitted to Plaintiff or the Court. Furthermore, Defendant has not shown

any necessary purpose of printing and scanning the exact same number of pages. Defendant has provided no detail related to the copying and scanning.

5. This Court has previously declined to award copy/printing costs where the prevailing party failed to provide sufficient detail stating "prevailing party must make some demonstration that the copy cost asserted was necessarily incurred." *Smith v. Office of Attorney General of Alabama*, 2:17-cv-00297-RAH-SMD (M.D. Ala.), Oct. 6, 2020, Doc. 76.

6. The print rate and scan rate cited by Defendant are above market rate. As of the date of this objection, the print rate at OfficeDepot for black and white printing is $0.18 per page. Accordingly, a rate of anything over $0.18 per page for printing of documents that are provided to the opposing party or the Court is over market rate and not contemplated under 29 U.S.C. § 1920. Though this counsel has not sent any documents out for scanning, it is this Counsel's experience that many service/maintenance contracts on multipurpose printer/scanner/copier devices provide unlimited scanning and only charge accounts for overage on printing and copying. Most importantly, the lack of identifying information on the number of copies and scans makes it impossible to determine if the copies and scans were necessary and taxable. "[C]osts for copies may be denied where the

documentation is not sufficient for the court to determine the use or intended use of the copies." *Crouch v. Teledyne Cont'l Motors, Inc.*, 2013 WL 203408, at *21 (S.D. Ala. Jan. 17, 2013). Defendant has not provided sufficient documentation to allow the Court to assess the purpose of the copies beyond the conclusory statement that copies were "necessary." Simply because a copy may have been "necessary" for Defendant's convenience, does not make the cost taxable. *Crouch*, 2013 WL 203408, at *21 (explaining that cost of copies made for convenience of counsel are not taxable). Copies made for the convenience of counsel, or the records of counsel are not taxable. *Studiengesellschaft Kihle v. Eastman Kodak*, 713 F.2d 128, 133 (5th Cir 1983); *Cappeletti Bros., Inc. v. Broward County*, 754 F.Supp. 197 (S.D. Fla. 1991).

7. Defendant's seek reimbursement for $32 shipping on transcripts and $1,427.60 for "Original Transcript" of the Plaintiff with no explanation of charges.

    a. Costs for postage, shipping, and handling are not recoverable under Section 1920(2). *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir 1996) (postage); *Watson v. Lake Cnty*, 492 Fed.App'x 991, 997 (11th Cir. 2012) (shipment); *Kidd v. Mando Am. Corp.*, 870 F.Supp.2d 1297, 1299 (M.D. Ala. 2012) (extra services for the

4

convenience of counsel); *Computer Program and Systems, Inc.*, 2019 WL 1119352 at *10; *Avirgan v. Hull*, 705 F.Supp. 1544, 1546 (S.D. Fla. 1989) (postage); *Rodriguez*, 862 F.Supp.3d at 1320 (shipping and handling costs); *Katz*, 127 F.Supp.3d at 1292-93 (courier, postage and delivery).

b. The costs for the original of Plaintiff's deposition does not provide sufficient detail to determine the reasonableness of the charge. Further, when Plaintiff ordered the transcript copy from this court reporting service selected by Defendant for the deposition of Plaintiff, the fees were overcharged by at least $300 causing Plaintiff's counsel to request detailed invoices of the bill and dispute the charges. Without the detailed invoice, it cannot be determined if the total charged was for taxable costs associated with the transcript, such as Litigation Support Services (billed on Plaintiff's invoice at $100 reduced from $250 after dispute See Ex A).

8. Plaintiff respectfully asserts that this Court should exercise the discretion vested in it under the rules and precedent and deny, in part or in its entirety, Defendant's bill of costs. Plaintiff specifically objects to $2,505.20 on Defendant's bill of cost as not taxable or not sufficiently described

($1,427.60 un-itemized deposition, $32.00 shipping, $1,045.60 generalized copy/scan).

WHEREFORE PREMISES CONSIDERED Plaintiff requests that the bill of cost filed by Defendant be denied and all costs taxed as paid or in the alternative for Defendant's costs to be reduced as stated.

Respectfully submitted,

ATTORNEY'S FOR PLAINTIFF

/s/ Leslie A. Palmer
Leslie A. Palmer

OF COUNSEL
Palmer Law, LLC
104 23rd Street South, Ste. 100
Birmingham, AL 35233
(205) 285-3050
leslie@palmerlegalservices.com

/s/ Heather Newsom Leonard
Heather Newsom Leonard

OF COUNSEL:
HEATHER LEONARD P.C.
2105 Devereux Circle, Suite 111
Vestavia Hills, AL 35243
(205) 977-5421
(205) 278-1400 – facsimile
Heather@HeatherLeonardPC.com

6

CERTIFICATE OF SERVICE

      I hereby certify that a served a copy of the foregoing document by filing the same with the CM/ECF system on this date, May 10, 2023 which will notify the following counsel of record:

Kenneth L. Thomas
Ramadanah S. Jones
Alabama State University
Office of General Counel
P.O. Drawer 271
Montgomery, AL 36101
kthomas@alasu.edu
rsjones@alasu.edu

                                             */s/ Leslie A. Palmer*
                                             OF COUNSEL